UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JEREMY DICKENS,                              :
                                             :
                     Petitioner              :
           vs.                               :          CIVIL NO. 1:CV-10-2619
                                             :
DAUPHIN COUNTY PRISON,                       :          (Judge Caldwell)
                                             :
                     Respondents             :


*M E M O R A N D U M*


I.    *Introduction*

           On December 23, 2010, the pro se petitioner, Jeremy Dickens, a pre-trial

detainee at the Dauphin County Prison in Harrisburg, Pennsylvania, filed this petition for a

writ of habeas corpus.  Petitioner complains that he was refused counsel at his preliminary

hearing in violation of the Sixth Amendment and a stenographer to record the proceedings

in violation of his rights under the Fourteenth Amendment.  The petition has been given

preliminary consideration and will be dismissed without prejudice for failure to exhaust

state-court remedies.[1]

---

           [1]   *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District
Courts ( "If it plainly appears from the petition and any attached exhibits that the petitioner is not
entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify
the petitioner)."  As will be seen below, this petition is governed by 28 U.S.C. § 2241, but we can
apply the 28 U.S.C. § 2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the 2254
rules.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

II.    *Background*

On June 4, 2010, Dickens was arrested by the Harrisburg Police Department

for criminal use of a communications facility, flight to avoid apprehension, escape, theft,

and various drug offenses.  These charges are pending in the Court of Common Pleas of

Dauphin County, Pennsylvania.[2]  Petitioner alleges that on July 27, 2010, while

incarcerated, he "was awakened and called for a preliminary hearing."  (Doc. 1, Pet. at

CM/ECF p. 3).[3]  He was required to attend that hearing without notice or the assistance of

counsel.  His requests for counsel, postponement to obtain counsel, and a stenographer

were all denied.  *Id.*  On November 30, 2010, Dickens filed in the trial court a Motion to

Quash Return of Transcript and/or Petition for Writ of Habeas Corpus.  On December 14,

2010, the court denied the motion.  *Id.* at 7.  Dickens's trial was scheduled for January 24,

2011.

III.    *Discussion*

Typically, a federal court will entertain a request for habeas relief after the

state-court judgment is entered, and do so under 28 U.S.C. § 2254, but we also have

authority under 28 U.S.C. § 2241(c)(3) to grant habeas relief before a judgment is entered

in the state-court criminal proceedings.  *See Moore v. DeYoung*, 515 F.3d 437, 441-42 (3d

---

[2]    The court takes judicial notice of the docket sheet in *Commonwealth v. Dickens*, No. CP-22-CR-0003600-2010, available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

[3]    Unless otherwise noted, all citations to the record are to the docket number and page number assigned by the electronic case filing system (CM/ECF) rather than the page numbers of the original documents.

Cir. 1975).  *See also Duran v. Thomas*, 393 F. App'x 3, 2010 WL 3374095, at \*2 (3d Cir. 2010)(per curiam)(nonprecedential)(quoting *Moore*); *Chambers v. DeRose*, No. 10-2070, 2010 WL 4623897, at \*2 (M.D. Pa. Nov. 5, 2010).

A section 2241 petitioner seeking to invoke our "pretrial" habeas jurisdiction must have exhausted state-court remedies and must also make "a special showing of the need" for us to adjudicate his petition at such an early juncture.  *Moore*, 515 F.2d at 443. If he has not exhausted his remedies, we may still adjudicate his petition if there are "extraordinary circumstances."  *Id.*

It is obvious that Petitioner has not exhausted his state-court remedies.  He was scheduled to go to trial just two days ago, January 24, 2011, so he could not possibly have completed a direct appeal yet, in which he could have argued his claims, if convicted. *See, e.g.*, *Commonwealth v. Carver*, 292 Pa. Super. 177, 436 A.2d 1209 (1981)(considering on direct appeal the defendant's claim that he was denied the right to counsel at his preliminary hearing); *Commonwealth v. Dean*, 348 Pa. Super. 1, 501 A.2d. 269 (1985)(considering on direct appeal the defendant's claim that he was denied a transcript of his preliminary hearing).

We can therefore only consider his petition if there are extraordinary circumstances.  Those circumstances are absent here.  The preliminary hearing in Pennsylvania is a critical stage of the criminal proceedings, and so a defendant has a Sixth Amendment right to counsel at the hearing.  *Ditch v. Grace*, 479 F.3d 249, 253 (3d Cir. 2007).  However, denial of counsel does not infect the entire proceedings so that a defendant is entitled to automatic vacatur of a conviction.  *Id.* at 254.  Instead, it is subject

-3-

to harmless error analysis.  *Id.* at 255.  This analysis can be pursued by way of exhaustion of state-court remedies and hence does not constitute extraordinary circumstances. *Moore*, 515 F.2d at 446-47 (denial of a speedy trial standing alone is not an extraordinary circumstance requiring adjudication of a pretrial habeas petition when the petitioner has state-court remedies available); *Chambers*, *supra*, 2010 WL 4623897, at \*3 (same).

We will issue an appropriate order.


/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 26, 2011

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA


JEREMY DICKENS,                          :
                                         :
            Petitioner                   :
      vs.                                :        CIVIL NO. 1:CV-10-2619
                                         :
DAUPHIN COUNTY PRISON,                   :        (Judge Caldwell)
                                         :
            Respondents                  :


*O R D E R*


        AND NOW, this 26th day of January, 2011, upon consideration of the petition

for a writ of habeas corpus under 28 U.S.C. § 2241(c)(3), it is ordered that:

        1.  The petition is dismissed without prejudice.

        2.  The Clerk of Court is directed to close this file.


                                    /s/William W. Caldwell
                                    William W. Caldwell
                                    United States District Judge